FILED
10 NOV -8 PM 3: 31
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. TUCKER,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>G. BROWN, Attorney General of the State of California,<br><br>　　　　　　　　Respondent. | Civil No.　10cv2272-WQH (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Petitioner has also failed to name a proper Respondent.

### FAILURE TO SATISFY FILING FEE REQUIREMENT

　　　　Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than January 3, 2011**, a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

### FAILURE TO NAME A PROPER RESPONDENT

　　　　Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the

1  respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
2  U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner
3  is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to
4  name a proper respondent. See id.

5  The warden is the typical respondent. However, "the rules following section 2254 do not
6  specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
7  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
8  institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
9  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
10 be the state officer who has official custody of the petitioner (for example, the warden of the
11 prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

12 A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
13 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
14 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
15 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
16 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
17 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
18 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
19 at 895.

20 Here, Petitioner has incorrectly named "G. Brown, Attorney General of the State of
21 California," as Respondent. Edmund G. Brown, the Attorney General of the State of California,
22 is not a proper respondent in this action.

23 In order for this Court to entertain the Petition filed in this action, Petitioner must name
24 the warden in charge of the state correctional facility in which Petitioner is presently confined
25 or the Director of the California Department of Corrections and Rehabilitation. Brittingham v.
26 United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).
27 //
28 //

## CONCLUSION

Based on the forgoing, the Petition is **DISMISSED** without prejudice due to Petitioner's failure to satisfy the filing fee requirement and failure to name a proper Respondent. If Petitioner wishes to proceed with this case, he must submit, **no later than January 3, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee **and** a First Amended Petition which names a proper Respondent. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California in forma pauperis application along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: 11/8/10

William Q. Hayes
United States District Judge

CC:   ALL PARTIES