UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T. TUCKER,<br><br>   Petitioner,<br><br>   v.<br><br>CHERYL PLILER, Warden,<br><br>   Respondent. | Civil No.   10-CV-2272-WQH (BGS)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On December 6, 2010, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] In his motion for appointment of counsel Petitioner argues that the Court should appoint counsel because (1) Petitioner is not trained in the law; (2) the prison law library has limited hours for researching and accessing materials; (3) his petition states a *prima facie* case that he is being deprived of his liberty in violation of the Constitution; and (4) the Respondent will have the benefit of counsel. This Court has considered Petitioner's request and **DENIES** without prejudice his motion for appointment of counsel.

**Right to Counsel**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially

eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is within the discretion of the district court.[1] *Terrovona*, 912 F.2d at 1177; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Petitioner's request for counsel is based on assertions that he does not have meaningful access to the law library, is not trained as a lawyer, and has presented a *prima facie* case in his petition for habeas relief. However, Petitioner has sufficiently represented himself to date. From the face of the petition, it appears that he has a good grasp of this case, the legal issues involved, and has adequate access to the law library in order to litigate these issues. Appointment of counsel for an indigent petitioner is proper where the court determines that the interests of justice so require; such interests will be present "when the case is so complex that due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993). At this point, the issues do not appear so complex such that Petitioner cannot litigate them, and it is not evident at this time that an evidentiary hearing is necessary. Under these circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel. *See LaMere v. Risle*, 827 F.2d 622, 626 (9th Cir.1987).

**Petitions Filed by Pro Se Litigants**

Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at 729 (citation omitted). The court must construe a pro se petition more liberally than a petition drafted by counsel. *Id*. It must also "scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." *Id*. Even if the court accepts a state court's factual findings, it must draw its own legal conclusion regarding the legality of the incarceration. *Id*. The appellate court will review the district court's conclusion de novo. *Id*.

---

[1] If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. §3006A. *See* Rule 8, 28 U.S.C. foll. §2254.

1 | The Court acknowledges that counsel can provide valuable assistance: "An attorney may
2 | narrow the issues and elicit relevant information from his or her client. An attorney may highlight
3 | the record and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at
4 | 729. The Court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in
5 | developing and presenting new evidence is largely superfluous; the district court is entitled to rely
6 | on the state court record alone." *Id*.

7 | This Court will review the state court record independently, draw its own legal conclusion
8 | and inform itself of the relevant law. Therefore, the additional assistance counsel could provide,
9 | while significant, is not compelling.

10 | Here, the "interests of justice" do not compel the appointment of counsel at this time.
11 | Accordingly, Petitioner's request for appointment of counsel is **DENIED** without prejudice.

12 | **IT IS SO ORDERED.**

14 | DATED: February 18, 2011

_____
**Bernard G. Skomal**
United States Magistrate Judge