UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM T TUCKER,<br><br>           Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary,<br><br>           Respondent. | Civil No.   10-CV-2272-BGS<br><br>**ORDER:**<br>**(1) GRANTING PETITIONER'S EX PARTE MOTION TO ACCEPT UNTIMELY TRAVERSE;**<br><br>**(2) GRANTING PETITIONER'S EX PARTE MOTION FOR EXTENSION OF TIME TO FILE SUPPLEMENTAL TRAVERSE; &**<br><br>**(3) DENYING PETITIONER'S EX PARTE MOTION FOR ACCESS TO LAW LIBRARY** |

On December 6, 2010, Petitioner, a state prisoner proceeding pro se and in forma pauperis, filed a First Amended Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed an Answer to the Petition on February 14, 2011. (Doc. No. 10.) On May 23, 2011, Petitioner submitted a letter to the Court, explaining that he had a hard time gaining access to the law library to do research on his Traverse, which was to be filed no later than May 16, 2011, and that he went out of the prison to court on April 12, 2011 and returned on May 2, 2011. (Doc. No. 21.) Petitioner also requests an order from the Court to help him gain access to the law library and to inform him of the date his Traverse was filed. (*Id.*) The Court received Petitioner's Traverse on May 31, 2011. (Doc. No. 23.)  In his Traverse, Petitioner states that he could not finish his Traverse because of a prison lock-down causing him

to be unable to make copies and access needed legal materials. (*Id.* at 11.) The Court construes Petitioner's letter, as well as his request in his Traverse, as an ex parte motion to accept his untimely Traverse, an ex parte motion for an extension of time to file a supplemental Traverse and an ex parte motion for access to the law library.

**I. Request for Acceptance of Untimely Traverse & Extension to File Supplemental Traverse**

The Court construes Petitioner's letter to the Court in conjunction with his Traverse as requesting that the Court accept his untimely Traverse and grant him an extension of time to file a Supplemental Traverse. The Court, for good cause and excusable neglect shown, grants Petitioner's request for the Court to accept his untimely Traverse. *See* Fed.R.Civ.P. 6(b); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987) ("'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines.") (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir.1967)). Additionally, the Court, for good cause shown, grants Petitioner's request for an extension of time to file a supplemental Traverse. Petitioner shall file any supplemental Traverse no later than **July 22, 2011**.

**II. Request to Access Law Library**

Petitioner alleges that "the prison here do not call us for the law library," he is having a hard time gaining access to the law library, and that due to the facility being on lock-down as of May 20, 2011 he was not able to obtain needed legal materials to complete his Traverse. (Doc. Nos. 21 & 23.) Petitioner requests an order from the Court granting him access to the law library. (Doc. No. 21.)

Prisoners have a constitutional right to access to courts protected by the Fourteenth Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). A prisoner's right of access to adequate law libraries or legal assistance from trained individuals fall under the right of access to courts. *Id.* at 828. In order to state an access to the courts claim, the Petitioner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). The prisoner must demonstrate that he has suffered or will imminently suffer actual injury. *Id.* at 348. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* The inmate must show that the library "hindered his

1  efforts to pursue a legal claim." *Id.* An "actual injury" is defined as "actual prejudice with respect to
2  contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.*
3  at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171
4  (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).  The access to the courts only applies
5  to pleadings and complaints. *See Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (concluding that the
6  Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law
7  library or legal assistance only during the pleading stage of a habeas or civil rights action).

8  The Court does not find that Petitioner demonstrates that he has suffered or will suffer actual injury.
9  The Court has accepted Petitioner's Traverse and has granted him an extension of time to file any
10 Supplemental Traverse.  Additionally, because Petitioner is beyond the pleading stage of this case, his
11 request for access to the law library falls outside the scope of right of access to courts set by the United
12 States Supreme Court. *See Cornett*, 51 F.3d at 898.   He has been able to file his Petition and initiate this
13 habeas action.  A Traverse, or Reply, to Respondent's Answer is permissive.   *See*, Rule 5 of the Rules
14 Governing § 2254 Cases.  Accordingly, the Court denies Petitioner's request for a Court order granting him
15 access to the law library.

## Conclusion

17 The Court GRANTS Petitioner's request that the Court accept his Traverse submitted after the filing
18 deadline, GRANTS Petitioner's request to file a Supplement Traverse no later than July 22, 2011; and
19 DENIES Petitioner's request for a Court order to allow him law library access.

20 **IT IS SO ORDERED**.

22 Dated: June 24, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge